Vázquez et al., Plaintiffs and Appellants, v. Rocco et al., Defendants and Appellees.

Appeal from the District Court of San Juan in an Action for the Annulment of a Mortgage.

No. 1921.—Decided July 22, 1919.

Mortgage — Foreclosure — Costs — Property of Minors — Authorization of Court.—When in a foreclosure proceeding it is ordered that the defendants be required to pay a certain sum of money as costs while the costs were not secured by the mortgage, such order, as well as the judgment for the sale of property of the mortgagors for the payment of such costs, is null and void, especially when the mortgaged property belonged to minors and the mortgage was created under an authorization of the court which only authorized the mortgage for a certain sum with interest.

The facts are stated in the opinion.

Mr. Juan B. Soto for the appellants.

Mr. Francisco Soto Gras for the appellees.

Mr. Justice Aldrey delivered the opinion of the court.

Luisa López Laborde, as mother with *patria potestas* over her seven minor children named Jaime José, Luz, Estela Catalina, Marina Petra Luz, Leopoldo José Eulogio, Luisa Ana María and Arturo López, born of her marriage with her now deceased husband, Arturo Vázquez Prada, was authorized by the court to create a mortgage for not more than $1,000 and interest on their undivided half of house No. 52 Sol Street, this city, and executed in favor of José Antonio Rocco Cesarino a mortgage deed upon the said half of that property to secure the payment of the sum of $1,000 together with $360 as interest on the said debt. The creditor assigned the said mortgage to Vicente Rocco Annuzzi, and thereafter the said minors ceased to be the owners of one-third of the undivided one-half of the property and continued to be the owners of only two-thirds of the said one-half.

On November 19, 1913, Vicente Rocco Annuzzi, the assignee, and his wife, Rosa María Cesarino Brandy, brought foreclosure proceedings under the Mortgage Law against the said minors, represented by their mother, to recover two-

thirds of the debt, or $666.67, with interest thereon at 12 per cent from August 15, 1913, until final payment, and the costs, expenses and attorney fees, fixing for these last liabilities the sum of $360.  The court ordered that the marshal summon the defendants, with a demand for payment within 30 days of the $666.67 as principal and the $300 fixed for costs, expenses and fees of the attorney for the plaintiffs, warning them that the mortgaged property would be sold at auction if they failed so to pay.  The children of Luisa López Laborde, except Arturo Leopoldo Vázquez Prada Laborde who was absent from the Island, having been so summoned through their said mother, the proceedings were terminated by the adjudication at auction of the said two-thirds of one-half of the property to the mortgagees on January 28, 1914, for the said claims of $666.67 as principal and $300 for costs, expenses and attorney fees.

After this Arturo Leopoldo Vázquez Prada Laborde and his mother, Luisa López Laborde, representing her other children, brought an action against Vicente Rocco and his wife, Rosa María Cesarino, and Antonio José Rocco Cesarino, praying for the annulment of the mortgage, of its assignment, of the foreclosure proceedings and of the adjudication therein made, and that the defendants pay to them $2,000 as damages.  By reason of the death of Vicente Rocco Annuzzi the parties stipulated at the trial, with the permission of the court, that the name of that defendant be eliminated and that he be substituted by the other defendants, that is, his widow, Rosa María Cesarino Brandy, and Antonio Rocco Cesarino.

The complaint was dismissed and one of the grounds set up by the appellants for the reversal of the judgment below is that the trial court erred in not setting aside the foreclosure proceedings because it adjudged that the then defendants should pay, in addition to the mortgage debt, a certain sum for costs and attorney fees, notwithstanding the fact that the order authorizing the mother to mortgage the

property of her children did not authorize her to contract for costs and attorney fees.

Indeed, the order of the court only authorized the mother to create a mortgage for not more than one thousand dollars and interest, and in conformity therewith the mother executed a mortgage deed in the name of her children for the sum of one thousand dollars and for $360 as the interest, without securing the costs and attorney fees by the mortgage. Notwithstanding this, at the instance of the mortgagees the court ordered that the defendants be summoned for the payment of the debt claimed, plus $300 for the costs, expenses and fees of the attorney for the mortgagees, and upon their failure to pay the court ordered that the property of the mortgagors be sold at auction for the payment of these claims.

In foreclosure proceedings, which are special and summary, there can be claimed only such amounts as were agreed upon in the mortgage contract, for which reason paragraph 1 of Article 170 of the Regulations for the Execution of the Mortgage Law provides that payment shall be demanded of the sum claimed, with the costs, if the costs also should be secured by the mortgage; and as in the present case the costs and attorney fees were not secured by the mortgage contract which gave rise to the proceedings, the lower court erred in ordering that the defendants be summoned to pay $300 as such and, therefore, the said order, the judgment ordering the sale of the property for the satisfaction of said amount in addition to the principal debt and also the adjudication in payment of that additional amount are null and void.

This assignment of error being so decided, it is unnecessary to consider the two remaining assignments of error referring to defects in the service of the summons as regards Arturo Leopoldo Vázquez Prada Laborde, inasmuch as the service of the summons must be annulled as a result of what we have already said.

In their complaint the appellants set up a claim for the sum of $2,000 as damages caused them by the defendants by the unlawful foreclosure proceedings and that question was not considered by the trial judge because he held that the said proceedings were prosecuted according to law; but, as we have arrived at a contrary conclusion, that question should be decided. However, as the attention of the parties was fixed on the alleged nullities and as we do not know whether the trial judge credited the only evidence offered on this matter, we prefer that the question be decided by the lower court and for that purpose a new trial is necessary.

The judgment must be reversed, setting aside all the foreclosure proceedings prosecuted in the District Court of San Juan, Section 2, under No. 112, by Vicente Rocco Annuzzi and his wife, Rosa María Cesarino Brandy, against Jaime José Vázquez Prada López and his brothers and sisters, represented by their mother, Luisa López Laborde, from the order for the summons on, including the adjudication therein made, and ordering a new trial on the claim for damages, without costs.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.